*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-035

NOVEMBER TERM, 2012

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windsor Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Michael T. LaMotte | } | DOCKET NO. 1359-11-08 Wrcr |

Trial Judge: M. Patricia Zimmerman

In the above-entitled cause, the Clerk will enter:

Defendant appeals the court's order revoking his probation for failure to complete a domestic violence counseling program and imposing the underlying sentence. Defendant argues that the probation condition required him to admit the conduct leading to his conviction in violation of his Fifth Amendment right against self-incrimination. We affirm.

Defendant was convicted by jury of domestic assault. In July 2009, the court sentenced him to nine-to-eighteen months, all suspended except twenty-one days to serve. The sentence was based on a proposed sentencing agreement reached by the parties and presented to the court. The agreement sought to minimize defendant's time in jail so that he could keep his job. At the hearing, the prosecutor emphasized that defendant "should understand and must understand that, once he is sentenced, his priority becomes the sentence. Because if he does not follow to a 'T' the things he had agreed to, he'll find himself in jail for longer." One special condition of defendant's probation was to attend and participate in domestic violence counseling. The condition was included in the agreement signed by defendant and read to defendant by the court during the hearing.

In October 2009, defendant was charged with a probation violation for failing to participate in domestic violence counseling. He admitted the violation. At the hearing, the court questioned defendant regarding his conduct, and defendant agreed that he had violated the condition by not completing his domestic violence counseling because he would not accept responsibility for his conduct. The court accepted the admission and imposed the underlying sentence, all suspended except thirty-five days.

In February 2011, defendant's probation officer filed a second violation-of-probation complaint based on defendant's failure to complete a domestic violence counseling program. Defendant was dismissed because he failed to maintain accountability for the acts of abuse for which he was convicted. After being accepted into the group and attending many sessions, he announced that he had not done what the affidavit alleged and that he had lied to get into the group. Defendant filed a motion to dismiss, arguing that being required to admit his offense as part of the treatment program violated his Fifth Amendment rights. Defendant relied on Thomas v. United States, 368 F.2d 941, 945 (5th Cir. 1966) (holding that sentence may not be augmented

based on defendant's refusal to confess). The State opposed the motion, arguing that defendant's rights were protected because he was granted use immunity for statements made in counseling and at the probation violation hearing. See State v. Cate, 165 Vt. 404, 417, 683 A.2d 1010, 1019 (1996) (holding that probation condition may require defendant to engage in counseling and admit acts as long as immunity is given for any statement required for successful completion of rehabilitative probation).

The court denied the motion to dismiss, explaining that the State's grant of use immunity distinguished defendant's case from Thomas. The court held a hearing on the merits of the probation violation. At the hearing, evidence was presented demonstrating that defendant was terminated from a domestic violence counseling program because he refused to accept responsibility for the conduct leading to his conviction. The court violated defendant's probation and imposed the underlying sentence. Defendant appeals.

The State has the burden of proving that a probation violation occurred by the preponderance of the evidence, and the issue is a mixed question of law and fact. State v. Decoteau, 2007 VT 94, ¶ 8, 182 Vt. 433. On appeal, "[w]e will not disturb the court's findings if they are fairly and reasonably supported by credible evidence, and we will uphold the court's legal conclusions if reasonably supported by the findings." Id. In this case, defendant is not challenging the factual basis of the violation. Defendant argues that he should not be punished for refusing to admit guilt, and that imposition of his underlying sentence is an increase in his punishment caused by his refusal to admit guilt. Second, he contends that requiring him to make incriminating statements regarding the conduct underlying his conviction violates his Fifth Amendment rights. These are questions of law that we review de novo.

There is no merit to defendant's first contention that the court augmented his punishment based on his failure to admit guilt. Defendant was sentenced in July 2009 following his conviction by jury. He received a term of incarceration, but most of his sentence was suspended and he was placed on probation subject to several different conditions. Defendant was fully aware of these conditions. His sentence never changed, but following defendant's violation of one of the probation conditions, the court revoked his probation and ordered that he serve the incarcerating sentence. There was no increase in sentence due to defendant's failure to admit guilt. Defendant's failure to comply with the terms of his probation—including successful completion of a treatment program—resulted in imposition of the underlying sentence.

In addition, defendant's Fifth Amendment rights are not implicated by the requirement that he engage in rehabilitative therapy. The Fifth Amendment precludes the State from compelling an individual from testifying against himself, "at least without an appropriate grant of immunity in any subsequent criminal prosecution." In re M.C.P., 153 Vt. 275, 298 (1989). Here, the State has granted defendant immunity for statements made during therapy and at the probation revocation hearing. Therefore, there is no danger that defendant will face criminal prosecution based on any admission made during rehabilitative therapy. Cate, 165 Vt. at 417-18 (concluding court could impose probation condition requiring therapy and admission of guilt as long as statements made therein would be inadmissible in subsequent criminal proceeding).

Defendant argues that immunity is not enough relying on State v. Imlay, 813 P.2d 979 (Mont. 1991). In that case, the defendant was placed on probation with a condition that he complete sexual therapy. The defendant argued that completion required admission of the underlying conduct and he could not be compelled to admit his guilt. The Supreme Court of Montana noted that if defendant were forced to admit guilt he would forego his right to challenge the conviction collaterally, and would be forced to abandon his Fifth Amendment right to not

implicate himself in the conduct leading to the conviction or to a possible related perjury charge. Id. at 985. Therefore, the court held: "Under these circumstances, and absent any grant of immunity, we believe that the better reasoned decisions are those decisions which protect the defendant's constitutional right against self-incrimination, and which prohibit augmenting a defendant's sentence because he refuses to confess to a crime or invokes his privilege against self-incrimination." Id. Defendant interprets this statement as both requiring a grant of immunity and precluding revocation based on failure to participate in counseling. This interpretation is inconsistent with the protection offered by the Fifth Amendment. Once defendant is granted immunity, there is no longer a threat of prosecution and therefore no Fifth Amendment interest at stake.

In sum, there was no error in the court's conclusion that defendant violated his probation. Insofar as defendant was granted immunity for statements made during rehabilitative therapy, there was no Fifth Amendment bar to requiring defendant to engage in such counseling.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice